UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**CHARLES ANTHONY LEHNER,** :
:
    **Petitioner,** :     **CIVIL NO. 3:CV-05-1176**
:
    v. :     (Judge Caputo)
:
**PENNSYLVANIA ATTORNEY** :
**GENERAL,** *et al.,* :
:
    **Respondents.** :

## O R D E R

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Petitioner, Charles Anthony Lehner, commenced this *pro se* action on June 13, 2005, with a petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2254. Petitioner challenges his trial and conviction in the Luzerne County Court of Common Pleas.

By Administrative Order dated June 20, 2005 (Doc. 3), Petitioner was advised, in accordance with *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), that (1) he can have the document ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, or (2) withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act. Petitioner was provided a Notice of Election form and directed to notify the court within forty-five (45) days as to how he wished to proceed in this matter. Petitioner was further notified that if he wished to file a new all-inclusive petition, his new petition should accompany the notice of election; if it did not, Petitioner was advised that "the Court will dismiss this action without prejudice." (Doc. 3 at 3.)

On July 28, 2005, Petitioner filed the Notice of Election form wherein he notified the court that he wished to withdraw his instant petition for writ of habeas corpus so that he may file one all-inclusive petition under 28 U.S.C. § 2254, within the one-year limit for filing such a petition.  (Doc. 4.)   The notice of election was not accompanied by a new all-inclusive petition.

**ACCORDINGLY, THIS 29th DAY OF JULY, 2005, IT IS HEREBY ORDERED THAT**:

1.  The petition for writ of habeas corpus is **DISMISSED**, without prejudice to Petitioner timely filing an all-inclusive § 2254 petition within the time period prescribed by the Antiterrorism and Effective Death Penalty Act.

2.  The Clerk of Court shall close this case.

3.  There is no basis for a certificate of appealability.


      /s/ A. Richard Caputo
   A. RICHARD CAPUTO
   United States District Judge