UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**CHARLES ANTHONY LEHNER,**        :
                                   :
    Petitioner,               :        CIVIL NO. 3:CV-05-1176
                                   :
    v.                        :        (Judge Caputo)
                                   :
**PENNSYLVANIA ATTORNEY**          :
**GENERAL,** *et al.,*             :
                                   :
    Respondents.              :

## M E M O R A N D U M

Petitioner, Charles Anthony Lehner, commenced this *pro se* action on June 13, 2005, with a petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2254. Petitioner challenges his trial and conviction in the Luzerne County Court of Common Pleas. By Administrative Order dated June 20, 2005 (Doc. 3), Petitioner was advised, in accordance with *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), that (1) he can have the document ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, or (2) withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Petitioner was provided a Notice of Election form and directed to notify the court within forty-five (45) days as to how he wished to proceed in this matter. Petitioner was further notified that if he wished to file a new all-inclusive petition, his new petition should accompany the notice of election; if it did not, Petitioner was advised that "the Court will dismiss this action without prejudice." (Doc. 3 at 3.)

On July 28, 2005, Petitioner filed the Notice of Election form (Doc. 4) wherein he notified the court that he wished to withdraw his instant petition so that he may file a new all-inclusive petition. (Doc. 4.) The notice of election was not accompanied by a new all-inclusive petition. Accordingly, the Court issued an Order dated July 29, 2005 (Doc. 5), dismissing the petition without prejudice. Presently before the Court is Petitioner's motion for reconsideration (Doc. 6) of the Court's order dismissing the habeas petition. For the reasons that follow, Petitioner's motion will be denied.

A motion for reconsideration is a device of limited utility, and it permits the district court to reconsider its prior judgment. *Hairston v. Alert Safety Light Products*, 307 F.3d 717 (8th Cir. 2002). It may be used only to correct manifest errors of law or fact, or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985). It has also been held that a motion for reconsideration is appropriate in instances such as where the court has ". . . misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." *See Rohrbach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In his pending motion, Petitioner claims that the language in the prior Order was misleading, and he "would have filed the all-inclusive amended writ if he had understood the technical legal language of the prior order." (Doc. 6 at 2.) Petitioner argues that

2

Case 3:05-cv-01176-ARC-KH   Document 7   Filed 08/15/05   Page 3 of 4

dismissal without prejudice precludes him from re-filing because of expiration of the prescribed one-year filing period.  However, the language of the Order was clear and unambiguous, and Petitioner was specifically instructed that if he chose "to file an all-inclusive § 2254 petition raising all grounds for relief, the Petitioner's response **must also be accompanied** by his new § 2254 petition." (Doc. 3 at 3.) (emphasis added).  Further, the Court specifically warned that if the response was not "**accompanied** by the new petition, the **Court will dismiss this action without prejudice**." (*Id.*) (emphasis added).  Therefore, Petitioner does not set forth new evidence, a change of law, or a manifest error of law to justify reconsideration.  Moreover, in *Pliler v. Ford*, 124 S.Ct. 2441, 2446 (2004), the United States Supreme Court specifically held that district courts need not warn *pro se* litigants that the statute of limitations might preclude them from filing any future petitions if they withdraw a timely petition.  Accordingly, this court finds that Petitioner has not satisfied the requirements for a successful motion for reconsideration, and, therefore, Petitioner's motion (Doc. 6) will be denied.  An appropriate Order follows.


Dated: August 15, 2005                             /s/ A. Richard Caputo
                                                   A. RICHARD CAPUTO
                                                   United States District Judge

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES ANTHONY LEHNER,** | : | |
| Petitioner, | : | CIVIL NO. 3:CV-05-1176 |
| v. | : | (Judge Caputo) |
| **PENNSYLVANIA ATTORNEY GENERAL,** *et al.,* | : | |
| Respondents. | : | |

# **O R D E R**

**AND NOW, THIS 15th DAY OF AUGUST, 2005,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT** Petitioner's motion for reconsideration (Doc. 6) is **DENIED**.

       /s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge